**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21824

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

| | |
|---|---|
| Patricia Ruiz,<br><br>                          Plaintiff,<br><br>v.<br><br>Credit Control, LLC,<br><br>                          Defendant. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Patricia Ruiz, by and through the undersigned counsel, complains, states, and alleges against defendant Credit Control, LLC as follows:

### INTRODUCTION

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### THE FDCPA

2. Congress enacted the FDCPA upon finding that debt collection abuse by debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

3. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).

1

4. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

5. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff consumer to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

6. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer—understands the notice he or she receives." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

7. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90. "The juxtaposition of two inconsistent statements" in a communication violates the FDCPA. *Russell*, 74 F.3d at 34.

8. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Id.* at 62.

## JURISDICTION AND VENUE

9. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

10. This court has jurisdiction over defendant Credit Control, LLC because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

11. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District

## PARTIES

12. Plaintiff Patricia Ruiz ("Plaintiff") is a natural person who is a citizen of the State of New Jersey residing in Essex County, New Jersey.

13. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

14. Defendant Credit Control, LLC ("Defendant") is a company existing under the laws of the State of Florida, with its principal place of business in Tampa, Florida.

15. Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

16. Defendant regularly collects or attempts to collect debts asserted to be owed to

3

others.

17. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. The principal purpose of Defendant's business is the collection of such debts.

19. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

22. Defendant alleges Plaintiff owes a debt ("the alleged Debt") of $5,230.44 to Navy Federal Credit Union.

23. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

24. The alleged Debt does not arise from any business enterprise of Plaintiff.

25. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

26. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

27. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

28. In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

29. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

30. As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debt to the third-party vendor.

31. The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, among other things.

32. Defendant's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

33. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Defendant's direction.

34. That correspondence, dated August 25, 2021, was received and read by Plaintiff.

35. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

36. The Letter is confusing and misleading to the Plaintiff for numerous reasons.

37. First, the Letter states that the Current Creditor is "Navy Federal Credit Union."

38. Next to this, the Letter states, "Our Acct.# 30244214."

39. The letter states that the Original Creditor is "Navy Federal Credit Union."

40. Next to this, the Letter states, "Orig. Acct.# *************7841."

41. Plaintiff upon reading this is confused as to why the current creditor and original creditor have two different account numbers listed.

42. Plaintiff upon reading this is confused as to why the current creditor and original creditor names are listed next two different account numbers when both are the same entity.

43. Both the current creditor and original creditor are "Navy Federal Credit Union."

44. As such, the account numbers for the current creditor and original creditor should be the same.

45. Second, the Letter states in relevant part, "our client, Navy Federal Credit Union, has placed the above-referenced account with our office for collection. We have developed the following option(s) for you to resolve your account for less than the total Amount Due."

46. This statement is followed by three options.

47. All three options are presented in the same manner.

48. Each option states, in relevant part, "resolve your account" followed by payment terms.

49. By stating this, the Plaintiff is again led to be confused.

50. Plaintiff is confused because two account numbers were referenced above.

51. If Plaintiff chose to exercise any of the three options, it is unclear which account number these payments would be applied to.

52. As such, the settlement offers are not true.

53. The settlement offers are false and deceptive.

54. Third, the Letter also states, "upon completion of one of the options above, your account will be considered resolved."

55. In conjunction with the above issues, Plaintiff is also confused by this statement.

56. Fourth, the Letter states, "upon completion of one of the options above, your account will be considered resolved. This offer will remain open until 09/24/2021."

57. The Defendant sent a second correspondence, dated March 4, 2022. ("Second Letter")

58. The Second Letter presents the exact same terms except as to when the offer will expire.

59. The Second Letter states that the Current Creditor is "Navy Federal Credit Union."

60. Next to this, the Second Letter states, "Our Acct.# 30244214."

61. The Second Letter states that the Original Creditor is "Navy Federal Credit Union."

62. Next to this, the Second Letter states, "Orig. Acct.# ************7841."

63. The Second Letter also states in relevant part, "our client, Navy Federal Credit Union, has placed the above-referenced account with our office for collection. We have developed the following option(s) for you to resolve your account for less than the total Amount Due."

64. This statement is followed by three options.

65. All three options are presented in the same manner.

66. Each option states, in relevant part, "resolve your account" followed by payment terms.

67. The Second Letter states, "upon completion of one of the options above, your account will be considered resolved. This offer will remain open until 04/01/2022."

68. Given that the two letters are nearly identical, minus the offer expiration date, the Plaintiff is led to be confused.

69. In conjunction with the issues as to which account may be resolved, by providing two nearly identical letters, the Plaintiff is unsure as to the legitimacy of the offers.

70. As such, the settlement offers are not true.

71. The settlement offers are false and deceptive.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692c(b) and § 1692f

72. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

73. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

74. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

75. Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged Debt.

76. Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

77. Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

78. Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

79. Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

80. Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

81. Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff that results from Defendant's unauthorized disclosure of such private and sensitive information.

82. Defendant utilizes a third-party vendor with reckless disregard for Plaintiff's right to privacy.

83. Defendant utilizes a third-party vendor with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

84. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

85. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

86. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

87. Defendant disclosed Plaintiff's private and sensitive information to the third-party vendor.

88. Defendant violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to the third-party vendor.

89. As relevant here, Congress enacted the FDCPA upon finding that existing laws and procedures for redressing invasions of individual privacy during the debt collection process were inadequate to protect consumers.  15 U.S.C. § 1692(a)-(b).

90. Specifically, Congress sought to protect consumers from communications by debt collectors to third parties.  *See* S. Rep. No. 95-382, at 4 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1698.

91. As such, a violation of Section 1692c(b) has a close relationship to an invasion of privacy.

92. A violation of Section 1692c(b) is an invasion of privacy.

93. A violation of Section 1692c(b) is an injury-in-fact that provides Article III standing.

94. An invasion of privacy is an injury-in-fact that provides Article III standing

95. As described herein, Defendant violated Section 1692c(b).

96. As described herein, Defendant invaded Plaintiff's privacy.

97. As such, Plaintiff has standing to seek redress in this Court.

98. A violation of Section 1692c(b) also has a close relationship to a public disclosure of private facts.

99. A violation of Section 1692c(b) is a public disclosure of private facts.

100. A violation of Section 1692c(b) is an injury-in-fact that provides Article III standing.

101. A public disclosure of private facts is an injury-in-fact that provides Article III standing

102. As described herein, Defendant violated Section 1692c(b).

103. As described herein, Defendant publicly disclosed Plaintiff's private facts.

104. As such, Plaintiff has standing to seek redress in this Court.

105. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## SECOND COUNT
## Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and § 1692e(10)

106. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

107. 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

108. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

109. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

110. Plaintiff is led to be confused and misled by the Letter.

111. First, the Letter states that the Current Creditor is "Navy Federal Credit Union."

112. Next to this, the Letter states, "Our Acct.# 30244214."

113. The letter states that the Original Creditor is "Navy Federal Credit Union."

114. Next to this, the Letter states, "Orig. Acct.# ************7841."

115. Second, the Letter states in relevant part, "our client, Navy Federal Credit Union, has placed the above-referenced account with our office for collection. We have developed the following option(s) for you to resolve your account for less than the total Amount Due."

116. This statement is followed by three options.

117. All three options are presented in the same manner.

118. Each option states, in relevant part, "resolve your account" followed by payment terms.

119. Third, the Letter also states, "upon completion of one of the options above, your account will be considered resolved."

120. Fourth, the Letter states, "upon completion of one of the options above, your account will be considered resolved. This offer will remain open until 09/24/2021."

121. The Second Letter presents the exact same terms except as to when the offer will expire.

122. The Second Letter states, "upon completion of one of the options above, your

11

account will be considered resolved. This offer will remain open until 04/01/2022."

123. Given that the two letters are nearly identical, minus the offer expiration date, the Plaintiff is led to be confused.

124. In conjunction with the issues as to which account may be resolved, by providing two nearly identical letters, the Plaintiff is unsure as to the legitimacy of the offers.

125. The settlement offers, when the account information is unclear, are false and deceptive.

126. When the same settlement offer is presented nearly seven (7) months later with a different expiration date, the offers are false and deceptive.

127. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and § 1692e(10) and is liable to Plaintiff therefor.

## JURY DEMAND

128. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

   a. Finding Defendant's actions violate the FDCPA; and

   b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

   c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

   d. Awarding the costs of this action to Plaintiff; and

   e. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

   f. Such other and further relief that the Court determines is just and proper.

DATED: July 8, 2022

                              **BARSHAY, RIZZO & LOPEZ, PLLC**

                              By:  s/ *Todd D. Muhlstock*
                              Todd D. Muhlstock, Esquire
                              445 Broadhollow Road | Suite CL18
                              Melville, New York 11747
                              Tel: (631) 210-7272
                              Fax: (516) 706-5055
                              Our File No.: BRL21824
                              *Attorneys for Plaintiff*

